# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEAH GOULD, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>EEG, INC. d/b/a Empire Beauty Schools, a Delaware corporation,<br><br>*Defendant*. | Case No.<br><br>**COMPLAINT–CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Leah Gould brings this Class Action Complaint and Demand for Jury Trial against Defendant EEG, Inc. d/b/a Empire Beauty Schools ("Defendant" or "Empire Beauty") to stop its practice of making unsolicited autodialed telephone calls to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Defendant Empire Beauty operates a group of for-profit cosmetology schools across the United States.

2. In an attempt to maximize its student enrollment numbers and

increase its profits, Empire Beauty placed (and continues to place) thousands of autodialed telemarketing calls and text messages to consumers' cell phones promoting its services.

3. However, Empire Beauty did not obtain prior express written consent to place any autodialed telemarketing calls and text messages and, therefore, violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. The TCPA was enacted to protect consumers from unauthorized and unwanted autodialed calls and text messages, exactly like the ones alleged in this case. Empire Beauty placed these autodialed calls and text messages despite the fact that neither Plaintiff nor the other members of the Class provided Empire Beauty with their prior express written consent to receive them.

5. By placing the autodialed calls and text messages at issue, Empire Beauty has violated the privacy and statutory rights of Plaintiff and the Class and caused them to suffer actual harm by subjecting them to the aggravation that necessarily accompanies the receipt of such repeated and unauthorized autodialed calls and texts.

6. Plaintiff therefore seeks an injunction requiring Defendant to stop using an autodialer to place telemarketing and text message calls to cell phones, as well as an award of actual and statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

7. Plaintiff Leah Gould is a natural person and citizen of the State of Ohio.

8. Defendant Empire Beauty is a corporation organized and existing under the laws of the State of Delaware with its headquarters located at 396 Pottsville-St. Clair Highway, Pottsville, Pennsylvania.

## JURISDICTION AND VENUE

9. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

10. This Court has personal jurisdiction over Defendant because it conducts business in this District, is headquartered in this District, and because the events giving rise to this lawsuit occurred in and emanated from, in substantial part, this District.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant maintains its headquarters in this District, conducts significant business in this District, and because the wrongful conduct giving rise to this case occurred in and/or emanated from this District

## COMMON FACTUAL ALLEGATIONS

12. Defendant operates a group of 89 cosmetology schools in 21 states,

including Pennsylvania.

13. In order to increase consumer enrollment in its cosmetology schools—and boost its annual revenues—Defendant implemented a campaign wherein it placed autodialed telemarketing and text message calls to thousands of consumers, multiple times a day, dozens of times a month.

14. Defendant made the telemarketing and text message calls at issue by utilizing an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Empire Beauty has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Empire Beauty's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).[1]

15. These autodialed telephone calls and text message calls to consumers' cellular telephone numbers constituted commercial advertising and telemarketing as contemplated by the TCPA. Namely, the calls at issue promoted the sale of Empire Beauty's educational services to numerous consumers.

---

[1] *See, e.g., Emily Cramer*, LinkedIn Profile, https://www.linkedin.com/in/emily-cramer-6969ba18 (last visited Dec. 30, 2016).

16. Unfortunately, Empire Beauty failed to obtain prior express written consent from consumers before sending them automated text messages or bombarding their cellular telephones with autodialed telemarketing calls.

17. Defendant knowingly placed (and continues to place) these autodialed telemarketing and text message calls to cell phones without the prior express written consent of the call recipients. As such, Defendant not only invaded the personal privacy of Plaintiff and other members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF LEAH GOULD

18. In August 2016, Plaintiff Gould began receiving autodialed telemarketing calls and text messages from Defendant on her personal cellular telephone.[2] Defendant placed these calls using phone number (646) 518-6880.

19. When Plaintiff Gould answered the telemarketing calls, Defendant's telemarketers would market and promote its programs and services.

20. Each time Plaintiff answered one of Defendant's autodialed telephone calls, Defendant's callers tried to enroll her into its educational programs.

21. Defendant autodialed Plaintiff multiple times per day. To illustrate, below is a non-exhaustive list of autodialed calls placed to Plaintiff:

---

[2] The autodialed calls and texts at issue were sent to Ms. Gould's personal cell phone number – (***) ****-2436. Plaintiff will provide her unredacted cell phone number to Defendant through discovery.

5

- August 24, 2016 at 9:04 AM
- August 24, 2016 at 9:05 AM
- August 24, 2016 at 10:30 AM
- August 25, 2016 at 10:18 AM
- August 25, 2016 at 12:21 PM
- August 25, 2016 at 5:22 PM
- August 25, 2016 at 6:58 PM
- August 26, 2016 at 1:51 PM
- August 26, 2016 at 4:19 PM
- August 26, 2016 at 8:45 PM
- August 27, 2016 at 4:14 PM
- August 28, 2016 at 6:31 PM
- August 29, 2016 at 2:19 PM
- August 29, 2016 at 5:09 PM

22. Despite informing Defendant's callers that she did not wish to receive the calls in question, Defendant nonetheless continued to place additional autodialed calls to Plaintiff on her cellular telephone.

23. Further, Empire Beauty sent an automated text message to Plaintiff's cellular telephone offering her the opportunity to ask questions about Empire Beauty or schedule a tour of their facilities. The message also allowed Plaintiff to

"opt-out" from receiving future automated text messages if she replied "STOP." Plaintiff replied "STOP" to the automated text message and immediately received another text message from Empire Beauty's automated telephone dialing system informing her that she had been "unsubscribed." Though the text messages ceased, Defendant continued to place automated telemarketing calls to her cell phone.

24. Plaintiff never consented in writing—or otherwise—to receive autodialed telephone calls or text messages on her cellular telephone from Empire Beauty.

25. Plaintiff does not have a relationship with Empire Beauty, and has never requested that Empire Beauty place autodialed calls or text messages of any type to her, let alone to her cellular telephone.

26. Empire Beauty's intrusive telemarketing calls and texts adversely affected Plaintiff's right to privacy. Empire Beauty was, and is, aware that the above-described autodialed telemarketing calls and text messages were being made on a widespread basis, and that the autodialed telemarketing calls and text messages were being made to consumers who had not provided their prior express written consent to receive them.

## CLASS ALLEGATIONS

27. **Class Definition**: Plaintiff Gould brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of herself and a class defined as

follows:

> All persons in the United States who (1) received a call or text message, (2) on their cellular telephone, (3) from Defendant (or a third party acting on its behalf), (4) that was placed using an automatic telephone dialing system, (5) for the purpose of marketing Defendant's products or services, (6) where Defendant did not have any record of prior express written consent to place such call at the time it was made.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

28. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

29. **Typicality**: Plaintiff's claims are typical of the claims of other

members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

30. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

31. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

32. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the

following:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether Defendant systematically placed autodialed telemarketing calls to individuals who did not provide Defendant with their prior express written consent to receive them;

    (c)    Whether Defendant made the calls using an ATDS; and

    (d)    Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

33. **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By

contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

37. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38. Defendant placed autodialed telephone calls and text messages to Plaintiff's and the Class members' cellular telephones, without having their prior express written consent to do so.

39. Defendant's telephone calls and text messages were made for the purpose of marketing Defendant's cosmetology school services.

40. Defendant placed these telemarketing and text message calls by using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of telephone numbers, and to dial such numbers *en masse*, simultaneously and without human intervention.

41. By placing the autodialed telemarketing calls and text messages to Plaintiff and the Class's cellular telephones without their prior express written

11

consent, Defendant violated 47 U.S.C. §227(b)(1)(A)(iii).

42. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in damages for each violation and an injunction requiring Defendant to stop its illegal autodialer campaign.

43. To the extent Defendant's misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Leah Gould, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Leah Gould as the Class representative and appointing her counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

C. A declaratory judgment that Defendant's telephone calling equipment constitutes an automated telephone dialing system under the TCPA;

D. An injunction requiring Defendant to cease all unauthorized and unlawful uses of automated or computerized telephone calling equipment without

first obtaining the call recipients' prior express written consent to receive such calls, and otherwise protecting interests of the Class;

E. An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of the call recipients' prior express consent to receive calls made with such equipment, and otherwise protecting the interests of the Class;

F. An award of actual and statutory damages;

G. An award of reasonable attorneys' fees and costs to be paid from the common fund; and

H. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: January 12, 2017

**LEAH GOULD,** individually and on behalf of all others similarly situated,

By: /s/ David S. Senoff
One of Plaintiff's Attorneys

David S. Senoff
dsenoff@anapolweiss.com
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, Pennsylvania 19103
Tel: 215.735.2098
Fax: 215.875.7701

Eve-Lynn Rapp*
erapp@edelson.com
Elizabeth A. Winkowski
ewinkowski@edelson.com*
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
**Pro hac vice* admission to be sought

*Attorneys for Plaintiff and the Class*